Received and E-Filed for Record
3/20/2020 4:25 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Beth Rogers

# CHAD T. WILSON
### — L A W   F I R M , P L L C —

March 20, 2020

Montgomery County District Clerk
301 N Main St
Conroe, TX 77301          20-03-03969

**Montgomery County - DC - County Court at Law #2**

Dear District Clerk:

Please prepare one (1) civil process citations for the following Defendants to have them picked up and served by a representative at LDM process servers:

- United Property & Casualty Insurance Company
  CT Corporation System
  1999 Bryan Street, Suite 900
  Dallas, Texas 75201-3136

We will provide file-stamped copies of the petition to the process server to attach to the citations.  Please contact Devan Bullock at (832) 415-8461, or provide citation by e-mail at d.bullock@cwilsonlaw.com when the citation is ready.  If any additional information is needed, feel free to contact this office.  Thank you for your cooperation and assistance.

Sincerely yours,

Chad T. Wilson
Texas State Bar No. 24079587
CWilson@cwilsonlaw.com

**www.cwilsonlaw.com**

**Houston:**
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
Office: 832-415-1432     Fax:   281-940-2137

**Denver:**
1001 Bannock Street, Suite 239
Denver, Colorado 80204
Office: 303-495-3999

Received and E-Filed for Record
4/1/2020 11:56 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Megan Shiflett

# CITATION

Cause Number: 20-03-03969

Clerk of the Court
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Chad T. Wilson
455 East Medical Center Blvd Suite 555
Webster TX 77598

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:   United Property & Casualty Insurance Company
      Registered Agent CT Corporation System
      1999 Bryan St Ste 900
      Dallas TX  75201-3136

You are hereby commanded to appear by filing a written answer to the Plaintiffs' Original Petition, Jury Demand and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law #2 Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiffs' Original Petition, Jury Demand and Request for Disclosure was filed in said court on this the 20th day of March, 2020 numbered 20-03-03969 on the docket of said court, and styled, Eva Mendoza, Ferdinand Mendoza VS. United Property & Casualty Insurance Company

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiffs' Original Petition, Jury Demand and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 25th day of March, 2020.

Melisa Miller, District Clerk
Montgomery County, Texas

By: _Deven Maropis_   3/25/2020 11:09:50 AM
Deven Maropis, Deputy



**OFFICER'S RETURN**

Cause No. 20-03-03969

Court No: County Court at Law #2

Style: Eva Mendoza, Ferdinand Mendoza VS. United Property & Casualty Insurance Company

To:       United Property & Casualty Insurance Company

Address:   Registered Agent CT Corporation System
          1999 Bryan St Ste 900
          Dallas TX 75201-3136

Came to hand the _27th_ day of _March_, 20_20_, at _11a_ o'clock, and executed in _Dallas_ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiffs' Original Petition, Jury Demand and Request for Disclosure at the following times and places, to wit:

Name           Date/Time       Place, Course and distance from Courthouse

_United Property & Casualty Insurance Company by serving its Registered agent CT Corporation System Terri Thongsavat. 3/27/2020 12:5ⁱ_

Manner of service: _____

*And not executed as to the defendants(s) _1999 Bryan St. Ste 900, Dallas, TX 75201_

The diligence used in finding said defendant(s) being: _____

And the cause of failure to execute this process is: _____

And information received as to the whereabouts of said defendant(s) being: _____

FEES:

Serving Petition and Copy   $_____

TOTAL          $_75_        _S. Fobbs_   **OFFICER**

                        _Dallas_ County, Texas

           By: _____, **Deputy**

**AFFIANT**

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:

My full name is _Shanita G. Fobbs_

My date of birth is _3/10/76_, and my address is _307 Greystone Ct Seagoville, TX 75159_

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Executed in _____, County, State of _____, on the ____ day of _____, 20____.

_Shanita Fobbs_
Declarant/Authorized Process Server
_13550 / 31/2022_
ID# & Exp. Of Certification

_Shanita Fobbs_
Declarant/Authorized Process Server
_13550 / 31/2022_
ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_3/30/2020_
DATE

_Heather L. Bork_
NOTARY

HEATHER L. BORK
Notary Public, State of Texas
Comm. Expires 03-14-2021
Notary ID 129357186

Received and E-Filed for Record
3/20/2020 4:25 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Beth Rogers

CAUSE NO. 20-03-03969 _____

| | | |
|---|---|---|
| EVA AND FERDINAND MENDOZA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY | § | Montgomery County - DC - County Court at Law #2 |
| INSURANCE COMPANY, | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendant. | | |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Eva and Ferdinand Mendoza, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Property & Casualty Insurance Company ("United Property Casualty") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.      Plaintiffs, Eva and Ferdinand Mendoza, reside in Montgomery County, Texas.

3.      Defendant, United Property & Casualty Insurance Company, is an insurance company engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon United Property & Casualty Insurance Company through its registered agent for service:  **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**.  Plaintiffs request service at this time.

## JURISDICTION

4.  The Court has jurisdiction over United Property Casualty because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of United Property Casualty's business activities in the state, including those in Montgomery County, Texas, with reference to this specific case.

## VENUE

5.  Venue is proper in Montgomery County, Texas because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.  Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.  Plaintiffs own an United Property & Casualty Insurance Company insurance policy, number UTD750695904 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 20906 Kransburg Ridge Drive, Porter, Texas 77365 ("the Property").

8.  United Property Casualty or its agent sold the Policy, insuring the Property, to Plaintiffs. United Property Casualty or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' home.  United Property Casualty has refused the full extent of that coverage currently owed to Plaintiffs.

9.  On or about May 9, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Porter, Texas area.

2

10. In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to United Property Casualty against the Policy for damage to the Property.  United Property Casualty assigned claim number 19TX00006400 to Plaintiffs' claim.

11. Plaintiffs asked United Property Casualty to cover the cost of damage to the Property pursuant to the Policy.

12. Damaged areas of the property include, but are not limited to the roof, vents, flashings, fascia and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: the master bedroom, living room, entryway/landing, TV room, and pantry.

13. United Property Casualty assigned or hired Brittany LaFon to adjust the claim.

    a. LaFon had a vested interest in undervaluing the claims assigned to her by United Property Casualty in order to maintain her employment. The disparity in the number of damaged items in her report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of LaFon. The valuation of damages that were included in LaFon's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of LaFon.

    b. Furthermore, LaFon was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. LaFon had advanced knowledge of the amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c. LaFon made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

3

    d.  LaFon made further misrepresentations to Plaintiffs' during her inspection. LaFon used her expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

14.    United Property Casualty, through its agents, namely LaFon, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

15.    The initial adjustment of the claim occurred on or around October 6, 2019.  LaFon found that there was no damage from a covered peril to the roof of the property.

16.    After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' home.

17.    To date, Plaintiffs have received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $30,521.69.

18.    Since due demand was made on January 21, 2020, United Property Casualty has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

19.    As stated above, Defendant failed to assess the claim thoroughly.  Based upon Defendant's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, United Property Casualty failed to provide full coverage due under the Policy.

20.    As a result of United Property Casualty's failure to provide full coverage, along with United Property Casualty's delay tactics to avoid reasonable payment to Plaintiffs,

Plaintiffs have suffered damages.

21.   United Property Casualty failed to perform its contractual duties to Plaintiffs under the terms of the Policy.  Specifically, United Property Casualty refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

22.   Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between United Property Casualty and Plaintiffs.

23.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(1).   Defendant has not attempted to settle Plaintiffs' claim in a fair manner, even though Defendant was aware of its liability to Plaintiffs under the Policy.  Specifically, Defendant has failed to timely pay Plaintiffs' coverage due under the Policy.

24.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendant failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

25.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendant refused to provide full coverage due to Plaintiffs under the terms of the Policy.  Specifically, United Property Casualty, through its agents, servants, and representatives, namely LaFon, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and

5

inequitable evaluation of Plaintiffs' losses on the Property.

26.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendant failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

27.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendant has delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received full payment for the claim.

28.     Defendant's wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing Plaintiffs with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

29.     All allegations above are incorporated herein.

30.     United Property Casualty is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between United Property Casualty and Plaintiffs.

31.     United Property Casualty's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

32.     All allegations above are incorporated herein.

33.     United Property Casualty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

34.     United Property Casualty's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

35.     United Property Casualty's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

36.     United Property Casualty's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

37.     United Property Casualty's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of

competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

38.     United Property Casualty's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39.     All allegations above are incorporated herein.

40.     United Property Casualty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

41.     United Property Casualty's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42.     United Property Casualty's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.     All allegations above are incorporated herein.

44.     United Property Casualty's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

8

45.     United Property Casualty's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, United Property Casualty knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

46.     All allegations above are incorporated herein.

47.     United Property Casualty's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are a consumer of goods and services provided by United Property Casualty pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against United Property Casualty.   Specifically, United Property Casualty's violations of the DTPA include, without limitation, the following matters:

   a.   By its acts, omissions, failures, and conduct, United Property Casualty has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  United Property Casualty's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   b.   United Property Casualty represented to Plaintiffs that the Policy and United Property Casualty's adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

9

c.  United Property Casualty also represented to Plaintiffs that the Policy and United Property Casualty's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

d.  Furthermore, United Property Casualty advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

e.  United Property Casualty breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

f.  United Property Casualty's actions are unconscionable in that United Property Casualty took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  United Property Casualty's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

g.  United Property Casualty's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.  Each of the above-described acts, omissions, and failures of United Property Casualty is a producing cause of Plaintiffs' damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

### FRAUD

49.  All allegations above are incorporated herein.

50.  United Property Casualty is liable to Plaintiffs for common-law fraud.

51.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and United Property Casualty knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52.   United Property Casualty made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## KNOWLEDGE

53.   Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

54.   Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

55.   Since the claim was made, United Property Casualty has not properly compensated Plaintiffs for all necessary repairs required, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

56.   Defendant made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs then relied on these misrepresentations, including but not

11

limited to those regarding coverage and the cause and scope of damage.  Plaintiffs suffered damages as a result.

57.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

58.     For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

59.     The damage to Plaintiffs' Property is currently estimated at $30,521.69.

60.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times Plaintiffs' actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

61.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

62.     For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of

duty, such as additional costs, economic hardship, losses due to nonpayment of money United Property Casualty owed, and exemplary damages.

63.    Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

64.    For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than

13

$200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

67. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

68. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, United Property & Casualty Insurance Company, be cited and served to appear, and that upon trial hereof, Plaintiffs, Eva and Ferdinand Mendoza, have and recover from Defendant, United Property & Casualty Insurance Company, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Eva and Ferdinand Mendoza, may show Plaintiffs are justly entitled.

Respectfully submitted,

Chad T Wilson Law Firm, Pllc

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

Attorneys for Plaintiffs

Received and E-Filed for Record
4/20/2020 2:53 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

**CAUSE NO:  20-03-03969**

| | | |
|---|---|---|
| **EVA AND FERDINAND MENDOZA** | § | **IN THE COUNTY COURT** |
| | § | |
| **VS.** | § | **AT LAW NO. 2** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **MONTGOMERY COUNTY, TEXAS** |

**<u>DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S
ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION WITH
REQUEST FOR DISCLOSURES</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant in the above-entitled and numbered cause, and files this, its Original Answer to Plaintiffs' Original Petition with Request for Disclosures, and would respectfully show unto the Court the following:

**I.
<u>GENERAL DENIAL</u>**

1.      United Property & Casualty Insurance Company ("UPC" or "Defendant"), asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs Eva and Ferdinand Mendoza ("Mendoza" or "Plaintiffs") be required to prove their charges and allegations against United Property & Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

**II.
<u>DEFENSES</u>**

2.      Defendant UPC denies that the required conditions precedent were performed and/or occurred.

4841-1534-6604.1

3.      The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom UPC had no control, including but not limited to Plaintiffs, therefore, United Property is not liable to Plaintiffs.

4.      United Property & Casualty Insurance Company issued a policy of insurance to Plaintiffs bearing policy number UTD750695904 (the "Policy"), and UPC adopts its terms, conditions and exclusions as if copied *in extenso*.

5.      The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

6.      The Policy does not cover damages which occurred prior to policy inception.

7.      The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.

8.      The Policy requires direct, physical loss.

9.      UPC is entitled to any credits or set-offs for prior payments by itself or other third parties.

10.     To the extent that Plaintiffs' damages are determined to be the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

11.     Plaintiffs' extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement, if any, to insurance benefits.

12.     To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

13.     Plaintiffs' extra-contractual claims alleging bad faith fail because a finding of the

existence of coverage for Plaintiffs' underlying insurance claim is necessary to establish any basis for Plaintiffs' extra-contractual, Insurance Code claims.  Because Plaintiffs' allegations are generally based on UPC's alleged failure to investigate the clam and pay policy benefits, the existence of any applicable exclusions precludes Plaintiffs' extra-contractual, Insurance Code claims.

## III.
## REQUEST FOR DISCLOSURES

14.    Pursuant to Rule 194, Plaintiffs are requested to disclose the information or material described in Rule 194 of the Texas Rules of Civil Procedure.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY respectfully prays that Plaintiffs EVA and FERDINAND MENDOZA take nothing by their suit, that Defendant recover costs, and for such other and further relief, both at law and in equity, to which UNITED PROPERTY & CASUALTY INSURANCE COMPANY may be justly entitled.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_/ s / Sarah Smith_
Sarah R. Smith
Texas Bar No:  24056346
David A. Talbot
Texas Bar No. 24037580
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
sarah.smith@lewisbrisbois.com
david.talbot@lewisbrisbois.com
**ATTORNEY FOR DEFENDANT, UNITED
PROPERTY & CASUALTY INSURANCE
COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above pleading was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 20th day of April, 2020.

Chad T. Wilson            **_Via Eserve_**
Amanda Fulton
455 East Medical Center Blvd.
Webster, Texas 77598
eservice@cwilsonlaw.com

_/s/ Sarah R. Smith_
Sarah R. Smith

RECEIVED AND FILED
04/20/2020 4:19pm
Melisa Miller, District Clerk
Montgomery County, Texas

## Ledbetter, Sandra

**From:**     postmaster <postmaster@mctx.org>
**To:**       cwilson@cwilsonlaw.com; sarah.smith@lewisbrisbois.com
**Sent:**     Monday, April 20, 2020 3:58 PM
**Subject:**  Relayed: 20-03-03969


The original message was received at Mon, 20 Apr 2020 15:57:47 -0500 from:

<Sandra.Ledbetter@mctx.org>

        ----- The following addresses had successful delivery notifications -----
<cwilson@cwilsonlaw.com>  (relayed to non-DSN-aware mailer)
<sarah.smith@lewisbrisbois.com>  (relayed to non-DSN-aware mailer)
        ----- Transcript of session follows -----
<cwilson@cwilsonlaw.com>... relayed; expect no further notifications
<sarah.smith@lewisbrisbois.com>... relayed; expect no further notifications

RECEIVED AND FILED
FOR RECORD
04/20/2020 3:57pm
Melisa Miller, District Clerk
Montgomery County, Texas

## CAUSE NO. 20-03-03969

| | | |
|---|---|---|
| EVA MENDOZA; FERDINAND MENDOZA | § | IN THE COUNTY COURT |
| | § | |
| VS | § | AT LAW NUMBER TWO |
| | § | |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | § | MONTGOMERY COUNTY, TEXAS |

### DOCKET CONTROL ORDER

It is ordered adjudged and decreed that the following deadlines shall apply to this case, said deadlines shall continue to be in effect upon any change in the trial date.  Any date that falls on a weekend or legal holiday (as determined by Montgomery County Commissioners Court) shall be moved to the next day.  Failure to appear as required for any docket will result in dismissal of the case with no further notice.  **MEDIATION BEFORE CALL-IN IS ORDERED**.

1.  75 DAYS PRIOR TO TRIAL        PLAINTIFF'S EXPERTS DISCLOSURE DEADLINE

2.  45 DAYS PRIOR TO TRIAL        DEFENDANT'S EXPERT DISCLOSURE DEADLINE

3.  15 DAYS PRIOR TO TRIAL        EXPERT CHALLENGES DEADLINE
    All objecting to qualifications must be filed and
    presented in oral hearing to the Court by this date.

4.  10 DAYS PRIOR TO TRIAL        SUMMARY JUDGMENT DEADLINE
    Must be presented to the Court by this date.

5.  TUESDAY PRIOR TO TRIAL       CALL IN ANNOUNCEMENT DOCKET
    All parties must contact the Court Administrator
    by telephone at 936.539.7832 to make trial
    announcements **by noon**.

6.  FRIDAY PRIOR TO TRIAL         PRE TRIAL CONFERENCE
    **ONLY THOSE PARTIES NOTIFIED BY THE COURT
    AFTER CALL IN DOCKET SHALL APPEAR**

    a.  If a jury fee has been paid, a proposed jury charge must be filed by this date.  The jury charge must be provided to the Court in electronic format.
    b.  All contested motions for continuance will be heard at this time.
    c.  All motions in limine must be in writing and will be heard at this time.  A separate proposed limine order must be filed with the motion.

**08/17/2020 at 9:00 a.m.**        **-TRIAL (Trials on call for two weeks)**
                                   **ONLY THOSE PARTIES NOTIFIED BY THE COURT
                                   AT PRE-TRIAL CONFERENCE SHALL APPEAR**

Signed on this the 20th day of April, 2020.

_____
Judge Claudia Laird

Sent to: cwilson@cwilsonlaw.com; sarah.smith@lewisbrisbois.com